2. SAME—ESTATE DEVISED.
    Testator charged his wife at her death to leave one-third of his personal estate not used by her to two children or their descendants, if either of them died leaving descendants. *Held*, that the wife took a life estate in the principal, with power to use it, and the remainder not used passed to the children on her death.

In the matter of the probate of the last will of Mary E. Stickney, deceased. Decree of probate.

G. G. & F. Reynolds, for Wesleyan University and others.
Horatio C. King, for Herbert W. Stickney and Ella S. Willey.

CHURCH, S. From the proof offered before me it appears that the will of Mary E. Stickney was properly drawn and duly published according to law, and is, therefore, entitled to be admitted to probate. But it appears that there have been numerous interlineations and changes made in such will since its execution. As each of these interlineations or changes affects a particular devise or bequest referred to, they do not necessarily operate to destroy the will as a whole, but the will should be admitted to probate, with an express declaration enumerating each provision which is annulled by reason of a change made subsequent to its execution. The admission of this will to probate, however, is merely a useless formality. In the will of Leander Stickney, the husband of this testatrix, there appears as follows: "One third of my personal estate I hereby charge and

request her at her death to leave all that portion thereof that she shall not have used to our two children above named or their descendants if they or either of them has died leaving descendants." While this language is inartistic, it seems to me that all that it can be held to mean is that he gave to his wife, the testatrix herein, the use of the third of the personalty, with the privilege of using a portion of the principal, and that upon her death it was to go to his son and daughter. If we reject this interpretation, and hold that there was an intention to give her a power of disposal, we would then have to hold that the provision in his will with regard to his son and daughter was merely idle words, and that they were merely words used in the nature of a request or a suggestion. It is plainly apparent to my mind that they were not used merely in the nature of a request or a suggestion, but as words of limitation upon the rights of his wife.

It appears by the evidence adduced before me that the testatrix, Mary E. Stickney, had absolutely no property of any kind whatsoever, except what she derived from the will of Leander Stickney, and as I hold that under the will of Leander Stickney the testatrix took only a life estate, and that the children take the property on the death of the testatrix, the admission of the testatrix's will to probate is, therefore, but a mere formality. Let findings and decree be prepared accordingly.

Decreed accordingly.